■ STATE OF NEW YORK, Respondent, v SHARI KESSLER et al., Appellants. [875 NYS2d 791]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered December 4, 2007, which denied defendants' motion to vacate a default judgment, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

This is an action to recoup alleged overpayments for transportation services claimed to have been provided to Medicaid recipients. The corporate defendant and its principal and owner served their answer four days after the deadline unilaterally imposed by plaintiff, and served an amended answer six days later than the agreed-upon deadline. Their counsel, a solo practitioner, did not appear on the return date of plaintiff's default motion, supposedly because of a conflict in his schedule, but he did serve opposition papers one date later, asserting that the clerical service he utilized failed to request an adjournment as he had instructed. Counsel also failed to appear at the inquest, assertedly because he did not receive notice of the date until after it had passed. The record does not reflect an affidavit of service of the inquest notice.

In support of the motion to vacate the default, defendants submitted an affidavit of the individual defendant denying any fraudulent conduct and asserting that defendants had complied with all regulations imposed on the company. She further stated that plaintiff's seizure of the company records several years ago, and denying defendants access to them, prevented her from addressing the specific billings alleged in the complaint in greater detail.

Defendants provided a reasonable excuse for the default and an arguably meritorious defense. The motion to vacate was made within the statutory period (CPLR 5015 [a] [1]). Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.